UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Adriana Enriquez,<br><br>　　　　　　Defendant | Case No. 2:21-cr-00169-CDS-BNW-1<br><br>**Order Granting Defendant's Request to Discharge Attorney, Appointing Federal Public Defender as Counsel**<br><br>[ECF No. 96] |

　　　Defendant Adriana Enriquez moves to discharge her attorney, Craig A. Mueller, for ineffective assistance of counsel. ECF No. 96. She alleges that Mueller failed to respond to repeated requests for contact and never discussed the presentence investigation report (PSR) with her. *Id.* at 1–2. She adds that she did not understand the plea agreement that she signed, that Mueller failed to apprise her of other plea offers from the government, and that she did not have sufficient time to review the plea agreement. *Id.* at 2. Enriquez requests that Mueller be discharged and seeks the appointment of new counsel. *Id.* at 3. I grant Enriquez's request, appoint the Federal Public Defender (FPD) to represent Enriquez, and instruct the FPD to apprise Enriquez of her potential options for challenging her plea.

　　　On September 23, 2022, I held a change-of-plea hearing for Enriquez. I canvassed Enriquez with questions to ensure that her plea was knowing and voluntary, that she was informed of the consequences of the plea deal, that she had sufficient time to consult with her attorney, and that she had not received a better plea offer from the government. Enriquez answered affirmatively to all of my questions, and I found her to be in a sound state of mind. I accepted her guilty plea and scheduled a hearing to sentence her.

On January 9, 2023, I held Enriquez's sentencing hearing. I canvassed Enriquez with a series of questions to ensure that she was aware of the events going on in court and that she could understand the interpreter who translated my questions. Enriquez answered affirmatively to my questions, and I again found her to be in a sound state of mind. After reviewing her PSR and weighing the applicable factors under 18 U.S.C. § 3553(a), I imposed a sentence of 140 months and declared the matter adjudicated. On January 17, 2023, judgment was rendered, finding Enriquez guilty of count one of the indictment and dismissing counts two through ten. ECF No. 95.

Enriquez, proceeding pro se and without Mueller's assistance, moved to discharge Mueller on January 20, 2023. *See* ECF No. 96 at 3 (Enriquez is the only signatory to the motion). I construe her motion, in part, as an attack on the validity of the plea agreement, as she titles her motion "Pursuant to 28$ 2255" and discusses "28 USC $ 2255" in the body of her argument. *Id.* at 1, 3. I interpret the substance of Enriquez's motion as a motion to relieve her counsel, to appoint new counsel, and to collaterally attack the sentence of confinement imposed as a result of her guilty plea.

First, I note that the Federal Rules of Criminal Procedure prohibit withdrawal of a guilty plea after sentencing has concluded. Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack."). Consequently, the proper vehicle through which Enriquez can challenge her confinement—or the process by which she pled guilty—is not a motion in this case, but through either a direct appeal or a habeas challenge under 28 U.S.C. § 2255.

However, Enriquez "is entitled to have counsel appointed to represent [her] at every stage of the proceeding from initial appearance **through appeal**, unless [she] waives this right." Fed. R. Crim. P. 44(a) (emphasis added). Because Enriquez's motion indicates that she believes she needs counsel to appeal the validity of her guilty plea, I find it appropriate to preserve Enriquez's right to counsel.

At this juncture, I reserve judgement as to whether Mueller was ineffective, but I grant Enriquez's motion to discharge him from this case. And I appoint the FPD to represent Enriquez and apprise her of her options.

### Conclusion

IT IS HEREBY ORDERED that defendant's motion to discharge attorney **[ECF No. 96]** is **GRANTED**.

IT IS FURTHER ORDERED that defendant's motion for appointment of counsel **[ECF No. 96] is GRANTED**. The FPD is provisionally appointed to represent Enriquez.

IT IS FURTHER ORDERED that the Federal Public Defender has 30 days from the date of this order to undertake direct representation of Enriquez or to otherwise indicate to the court its inability to represent her in these proceedings.

IT IS FURTHER ORDERED that neither the foregoing deadline—nor any extension thereof—signifies or will signify any implied finding of a basis for tolling during the time period established. Defendant at all times remains responsible for calculating the running of the federal limitation period(s) applicable to direct appeals and habeas petitions relevant to this matter and timely asserting claims thereof.

IT IS SO ORDERED.

DATED: February 7, 2023

_____
Cristina D. Silva
United States District Judge